**Adam DIAZ, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 33A01–0102–PC–72.

Court of Appeals of Indiana.

Aug. 9, 2001.

Transfer Denied October 4, 2001.

Adam Diaz, Pro Se, Greencastle, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge.

■ Adam Diaz appeals from the post-conviction court's denial of his petition for post-conviction relief. He raises eight issues, which we consolidate and restate as:

1. whether the trial court erred by summarily disposing of Diaz's petition; and

2. whether the trial court erred by denying Diaz's motion for modification of sentence and reinstating its summary dismissal of his petition for post-conviction relief.

We affirm.[1]

The relevant facts follow. On November 9, 1995, Diaz entered a plea of guilty but mentally ill to charges of voluntary manslaughter as a class A felony[2] and criminal recklessness as a class C felony.[3] On March 5, 1996, the trial court accepted Diaz's guilty plea and sentenced him to twenty-two years incarceration.

During his incarceration, Diaz has attended a substance abuse program and has pursued a General Educational Development ("G.E.D.") degree. He completed his G.E.D. program on February 24, 1999, and applied for credit time against his sentence, as provided by Ind.Code § 35–50–6–3.3. On March 19, 1999, the Department of Correction denied Diaz's request, stating that Diaz was not eligible for credit time because it had found him guilty of attempted battery in the past year.

---

1. The State asserts that Diaz's appeal should be dismissed because Diaz's Appellant's Appendix does not contain the State's post-conviction pleadings or the post-conviction court's initial order on Diaz's petition. However, the State's assertion runs afoul of Ind. Appellate Rule 49(B), which provides that "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument." Furthermore, we note that the State has not filed an Appellee's Appendix, through which it could have provided the missing documents to this court. Despite both parties' shortcomings, we have obtained the omitted documents from the Henry County Superior Court through a writ of certiorari.

2. Ind.Code § 35–42–1–3.

3. Ind.Code § 35–42–2–2.

On March 24, 2000, Diaz filed a pro se petition for post-conviction relief. The post-conviction court summarily disposed of the petition, but it subsequently rescinded the summary disposition and granted Diaz additional time to present his claim. The Indiana Public Defender entered an appearance on Diaz's behalf, but on November 15, 2000, Diaz filed a motion to withdraw counsel. Next, on December 13, 2000, the Indiana Public Defender filed a request to withdraw its appearance. The post-conviction court granted the public defender's motion.

On December 18, 2000, the State asked the post-conviction court to reinstate its summary disposition of Diaz's petition. Subsequently, Diaz filed pro se motions to set a hearing and for modification of sentence. On February 9, 2001, the post-conviction court denied Diaz's motion for a hearing, reinstated its earlier summary disposition, and denied Diaz's motion for modification of sentence.

■ Although Diaz is not challenging his conviction or sentence as provided for in the Rules of Procedure for Post–Conviction Remedies, he is contending that service of his sentence should be affected by giving him credit time. We have treated such a claim as a petition for post-conviction relief. *See Moshenek v. Anderson,* 718 N.E.2d 811, 812 (Ind.Ct.App.1999).

■ Post-conviction procedures do not afford the convicted an opportunity for a "super appeal." *Matheney v. State,* 688 N.E.2d 883, 890 (Ind.1997), *reh'g denied, cert. denied,* 525 U.S. 1148, 119 S.Ct. 1046, 143 L.Ed.2d 53 (1999). Rather, they create a narrow remedy for subsequent collateral challenges to convictions and sentences, challenges that must be based on grounds enumerated in the post-conviction rules. *Id.; see also* Ind. Post–Conviction Rule 1. Petitioners bear the burden of establishing their grounds by a preponder-

ance of the evidence. *Id.* When appealing the negative judgment of a post-conviction court, petitioners must show that the evidence, when taken as a whole, "leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court." *Id.* at 890–891 (quoting *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind. 1993), *reh'g denied*). On appeal from a denial of post-conviction relief, we neither reweigh the evidence nor judge witness credibility. *Neville v. State,* 663 N.E.2d 169, 171–172 (Ind.Ct.App.1996).

## I.

■ The first issue is whether the trial court erred by summarily disposing of Diaz's petition. According to our post-conviction rules:

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Ind. Post–Conviction Rule 1, § 4(g). Thus, the necessity of an evidentiary hearing is avoided when the pleadings present only issues of law. *Clayton v. State,* 673 N.E.2d 783, 785 (Ind.Ct.App.1996).

■ Here, the parties do not disagree about the relevant facts, and the issues presented are matters of statutory interpretation. Consequently, because there is no material factual dispute, the trial court properly resolved the case by summary disposition. *See id.* (determining that the post-conviction court did not err when it summarily disposed of the plaintiff's claim regarding his entitlement to an

advisement by the trial court because the claim was a question of law).[4]

## II.

The second issue is whether the trial court erred by denying Diaz's motion for modification of sentence and reinstating its summary dismissal of his petition for post-conviction relief. Diaz claims that he is entitled to six months credit against his sentence for completing his G.E.D. program and an additional six months credit for completion of a substance abuse program.

We begin our analysis of Diaz's credit time claims by turning to the governing statute, Ind.Code § 35–50–6–3.3. The current version of the statute provides, in relevant part:

(a) In addition to any credit time a person earns under subsection (b) ..., a person earns credit time if the person:

(1) is in credit Class I;

(2) has demonstrated a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain one (1) of the following:

(A) A general educational development (GED) diploma under IC 20–10.1–12.1, if the person has not previously obtained a high school diploma.

\* \* \* \*

(b) In addition to any credit time that a person earns under subsection (a) ..., a person may earn credit time if, while confined by the department of correction, the person:

(1) is in credit Class I;

(2) demonstrates a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain at least one (1) of the following:

\* \* \* \*

(B) A certificate of completion of a substance abuse program approved by the department of correction.

Ind.Code § 35–50–6–3.3.[5]

4. Diaz also claims that the post-conviction court erred by refusing to let him proceed pro se. However, in its order reinstating summary disposition and ruling on motion for modification of sentence, the post-conviction court noted that Diaz had filed a motion to withdraw the appearance of counsel, and that the Public Defender of Indiana had requested a withdrawal of appearance. Furthermore, the post-conviction court noted that it had granted the Public Defender of Indiana's motion to withdraw. Consequently, although the post-conviction court did not rule on Diaz's motion, by granting the public defender's request the post-conviction court implicitly permitted Diaz to proceed pro se. Indeed, the post-conviction court subsequently addressed and ruled upon Diaz's pro se motion for modification of sentence. Thus, this point is without merit.

On a related point, Diaz argues that the post-conviction court "abused its discretion by consolidating all of the motions filed by Diaz and ruling in all of them in the final summary disposition. The proper procedure is to resolve any issue or motion before the trial court before granting a summary disposition." Appellant's brief, p. 21. However, Diaz cites no authority to support this claim, nor do we find any. Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. *Flynn v. State*, 702 N.E.2d 741, 744 (Ind.Ct.App.1998), *reh'g denied, trans. denied;* see also Ind. Appellate Rule 46A(8)(a). Consequently, we do not address this argument.

5. An amended form of this statute went into effect on July 1, 1999, but Diaz contends in passing that he is entitled to have his claims adjudicated under the pre–1999 version of Ind.Code § 35–50–6–3.3 because he complet-

In this case, the crucial question is whether Diaz has demonstrated "a pattern consistent with rehabilitation" as contemplated by Ind.Code § 35–50–6–3.3(a) & (b).[6] This phrase has not been construed before.[7] Consequently, we resort to our rules of statutory construction.

■■■ In construing statutes, our primary task is to determine and implement the intent of the legislature. *White v. Indiana Parole Bd.*, 713 N.E.2d 327, 329 (Ind.Ct.App.1999), *reh'g denied, trans. denied.* We give words their common and ordinary meaning without overemphasizing a strict literal or selective reading of individual words. *Id.* (quotation omitted).

The legislative intent behind enacting the "good time" credit statutes was to encourage inmates to behave well while confined and to help prison authorities maintain order and control. *Rodgers v. State*, 705 N.E.2d 1039, 1042 (Ind.Ct.App. 1999). Inmates should be rewarded for earning diplomas and degrees and for remaining on good behavior during the time period in which they are working to successfully complete the requirements for the diplomas and degrees. *Id.*

■ With this legislative intent in mind, we turn to the statutory language. A "pattern" is defined, in relevant part, as "a regular, mainly unvarying way of acting or doing...." WEBSTER'S NEW WORLD DICTIONARY 991 (3d college ed.1988). Given that a pattern is a mainly unvarying routine, and the statute is designed to reward good behavior, we hold that demonstrating a "pattern consistent with rehabilitation" pursuant to Ind.Code § 35–50–6–3.3 means, at the least, that the inmate's record must remain free of disciplinary convictions while the inmate is participating in an educational or substance abuse program.

■ Here, it is undisputed that Diaz was convicted of attempted battery while he was pursuing his G.E.D. degree and was attending a substance abuse program. Thus, he has not shown "a pattern consis-

ed his G.E.D. program and substance abuse programs prior to the amendments taking effect. Generally, amendatory acts are given prospective effect only, unless retrospective application is expressly provided therein. *Deasy–Leas v. Leas*, 693 N.E.2d 90, 92 (Ind.Ct. App.1998). Nevertheless, the dispositive statutory language, which is that an inmate must demonstrate "a pattern consistent with rehabilitation" in order to earn credit against his or her sentence, is the same in the pre-amendment and current versions of the statute. *Compare* I.C. § 35–50–6–3.3 (1999), *with* I.C. § 35–50–6–3.3 (1998). Consequently, because the dispositive language remains the same, we shall apply the current, amended version of the statute. *See Deasy–Leas*, 693 N.E.2d at 93 (referring to the amended version of a statute "inasmuch as our determination does not hinge specifically upon the relationship between the old statutes and the new").

6. There appears to be a factual dispute as to whether Diaz has completed a substance abuse program. However, because we resolve this appeal on statutory grounds and on undisputed facts, we need not address this point, and we will assume without deciding that Diaz has completed such a program.

7. In *Tumbleson v. State*, 706 N.E.2d 217, 219 (Ind.Ct.App.1999), we determined that a prisoner was entitled to credit for obtaining his G.E.D. degree because there was no evidence in the record before us that the prisoner had not demonstrated a pattern of behavior consistent with rehabilitation while incarcerated, and the trial court apparently believed that the prisoner was entitled to the credit. Here, the trial court expressed no such belief, and there is evidence that may show that Diaz has not demonstrated a pattern consistent with rehabilitation. Thus, we must ascertain what constitutes a pattern consistent with rehabilitation.

tent with rehabilitation," and he is not entitled to credit against his sentence for either program. I.C. § 35–50–6–3.3.

 Diaz further argues that his single act of bad conduct should not be held against him because he is mentally ill, and that "the law[s] of this state for mentally ill persons excuse Diaz from such behavior." Appellant's brief, p. 8. We disagree for two reasons. First, there is no support for Diaz's claim that he cannot be held responsible for his actions during his incarceration because he is mentally ill. To the contrary, our supreme court has noted that the only special consideration given to a guilty but mentally ill defendant who is remanded to the Department of Correction is that the defendant must be evaluated and given treatment for his or her mental illness. *See Archer v. State,* 689 N.E.2d 678, 684 (Ind.1997) (citing Ind.Code § 35–36–2–5), *reh'g denied.* Second, even if Diaz's mental illness could excuse criminal behavior during his incarceration, a review of the disciplinary proceedings reveals that Diaz did not raise his mental illness as a defense to the battery charge. It is difficult to deem Diaz relieved of responsibility for his actions when he did not raise his mental illness in response to the charge against him. Consequently, we conclude that Diaz's mental illness does not excuse him from complying with the Department of Correction's regulations.

We cannot say that the evidence, when taken as a whole, leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Therefore, the post-conviction court did not err when it denied Diaz's motion for modification of sentence and reinstated its summary disposition of his petition for post-conviction relief. *See, e.g., Neville,* 663 N.E.2d at 175.

For the foregoing reasons, we affirm the judgment of the post-conviction court.

Affirmed.

KIRSCH, J., and MATTINGLY–MAY, J., concur.