Joshua **WILSON**, Appellant–Petitioner,

v.

**STATE of Indiana, Appellee–Respondent.**

No. 82A05–0306–PC–299.

Court of Appeals of Indiana.

Nov. 25, 2003.

Joshua Wilson, Carlisle, IN, for Appellant pro se.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, for Appellee.

### OPINION

MAY, Judge.

Joshua Wilson appeals the denial of his petition for post-conviction relief. He raises one issue, which we restate as whether the denial of his petition was contrary to law because Wilson had earned educational credit time pursuant to Ind.Code § 35–50–6–3.3.[1] We affirm.

### FACTS AND PROCEDURAL HISTORY

When this cause was before us previously, we set out the underlying facts as follows:

On May 21, 1997, Wilson pled guilty to burglary as a Class B felony and theft as a Class D felony. The trial court sentenced him to an aggregate term of twelve years and ordered that term to be served consecutive to a sentence in another case. While incarcerated, Wilson earned his general educational development (GED) diploma in June 2002. On July 22, 2002, Wilson filed a Motion for Education Credit Time seeking six months credit toward his sentence. One week later, the trial court simply denied the motion without a response from the State, hearing, or order explaining its reasons.

*Wilson v. State,* 785 N.E.2d 1152, 1153 (Ind.Ct.App.2003).

On appeal from that denial, the State claimed the trial court had not erred because Wilson had not demonstrated "a pattern consistent with rehabilitation," as required by Ind.Code § 35–50–6–3.3. We held that without the State having responded to the petition, there "was no indication that Wilson had not demonstrated a pattern of behavior consistent with rehabilitation." *Id.* at 1155. Accordingly, we remanded with the following instructions:

[G]ive the State a reasonable time to file an answer. To the extent that the State does not allege specific reasons that Wilson has not demonstrated a pattern of behavior consistent with rehabilitation, we order the trial court to give Wilson six months credit for earning his GED diploma while incarcerated.

*Id.*

On remand, the State filed a petition for summary dismissal in which it alleged that Wilson was not entitled to the educational credit time because he had not demonstrated a pattern consistent with rehabilitation. Specifically, the State provided evidence 1) Wilson had two Class B disciplinary offenses in the year prior to receiving his GED and 2) those two offenses prohibit him from receiving education credit pursuant to Department of Correc-

---

1. Ind.Code § 35–50–6–3.3(a) provides:

    In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:
    (1) is in credit Class I;
    (2) has demonstrated a pattern consistent with rehabilitation; and
    (3) successfully completes requirements to obtain one (1) of the following:

    (A) A general educational development (GED) diploma under IC 20–10.1–12.1, if the person has not previously obtained a high school diploma.
    (B) A high school diploma.
    (C) An associate's degree from an approved institution of higher learning (as defined under IC 20–12–21–3).
    (D) A bachelor's degree from an approved institution of higher learning (as defined under IC 20–12–21–3).

tion ("DOC") policies and procedures.[2] Based on that evidence, the court found Wilson had not demonstrated a pattern consistent with rehabilitation and summarily denied Wilson's petition. Wilson appeals.

## DISCUSSION AND DECISION

    Post-conviction proceedings[3] are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind.2002), *reh'g denied.* Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind.2002), *reh'g denied, cert. denied*, 537 U.S. 1122, 123 S.Ct. 857, 154 L.Ed.2d 803 (2003); *see also* Ind. Post–Conviction Rule 1(1)(a). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. P–C.R. 1(5).

    When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Curry v. State*, 674 N.E.2d 160, 161 (Ind.1996). Conse-quently, we may not reverse the post-conviction court's judgment unless the petitioner demonstrates that the evidence "as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not have to give deference to the post-conviction court's conclusions of law. *Davidson*, 763 N.E.2d at 443–44. On appeal, we may not reweigh the evidence or reassess the credibility of the witnesses. *Id.* at 444.

Wilson claims the court erred by denying his petition for educational credit time pursuant to Ind.Code § 35–50–6–3.3(a) because, he argues, he demonstrated a pattern consistent with rehabilitation. According to Wilson, he was entitled to his credit time under *Diaz v. State*, 753 N.E.2d 724 (Ind.Ct.App.2001), *trans. denied* 761 N.E.2d 419 (Ind.2001).

In *Diaz*, an inmate appealed the court's denial of his motion for educational credit time. We held that "demonstrating a 'pattern consistent with rehabilitation' pursuant to Ind.Code § 35–50–6–3.3 means, at the least, that the inmate's record must

. . .

---

2. Specifically, page 5.10 of the Administrative Procedures, Adult Offender Classification, No. 01–04–101 provides:

    C. As of July 1, 1993, an offender may earn additional credit time under the following conditions:

    1. The offender must:

    a. Complete education requirements as defined in Ind.Code § 35–50–6–3.3;

    b. Be in Credit Class One (1) at the time of program completion;

    c. Have one (1) year clear of any Class A conduct reports at the time of program completion;

    d. Have one (1) year clear of two (2) or more Class B conduct reports at the time of program completion; and

    e. Have one (1) year clear of being found guilty as an Habitual Rule Violator.

3. The State also asserts we should affirm the court's denial of Wilson's petition because the court did not have jurisdiction to address Wilson's claim as a petition for post-conviction relief. Rather, the State claims, Wilson should have filed a petition for habeas corpus. However, to support this argument, the State cites two cases in which the supreme court and this court held that a petition for post-conviction relief *was* the proper avenue for prisoners to bring claims for credit time. (*See* Br. of Appellee at 3 (citing *Dunn v. Jenkins*, 268 Ind. 478, 377 N.E.2d 868, 870 (1978); *McGee v. State*, 790 N.E.2d 1067, 1068–69 (Ind.Ct.App.2003, *trans.pending*))). Accordingly, the State's argument fails.

remain free of disciplinary convictions while the inmate is participating in an educational or substance abuse program." *Diaz*, 753 N.E.2d at 729. Because Diaz had a disciplinary conviction of attempted battery during the time he was working toward his GED diploma, we affirmed the denial of his motion.

Wilson believes that because he did not have any disciplinary convictions while he was working toward receiving his GED diploma, the post-conviction court was required to grant his credit. However, *Diaz* does not require that result. In *Diaz*, we said that a pattern consistent with rehabilitation requires an inmate's record to be free of disciplinary convictions during the time he worked toward the degree "*at the least.*" *Id.* Therefore, the fact that a defendant had no disciplinary convictions during the time he worked on a degree does not compel a post-conviction court to find a defendant demonstrated a pattern consistent with rehabilitation.

As we noted in *Diaz*, a "pattern" is defined as "a regular, mainly unvarying way of acting or doing." *Id.* (quoting Webster's New World Dictionary 991 (3d college ed.1988)). Wilson does not contest that he had two disciplinary convictions in the year preceding his receipt of his GED diploma. In light of that fact, we cannot find contrary to law the trial court's finding that Wilson failed to demonstrate a "pattern consistent with rehabilitation," as required to receive educational credit time under Ind.Code § 35–50–6–3.3.

Affirmed.

DARDEN, J., concurs.

BARNES, J., concurs with separate opinion.

BARNES, Judge, concurring with separate opinion.

I concur fully in Judge May's analysis of the precedent, particularly the application of the *Diaz* case to this set of facts. I also am keenly aware of the need for the Department of Correction to maintain control of inmates within its institutions by having a disciplinary scheme and protocol in place. I am perplexed, though, by a system that encourages inmates to pursue education, here, a G.E.D., and but does not allow the credit time contemplated by the statutes put in place to foster exactly this sort of activity by inmates.

I do not for a minute wish to suggest that an inmate can seriously misbehave and gain education credit. Here, however, a close examination of the facts shows that although Wilson accumulated the two Class B disciplinary violations within one year of his obtaining a G.E.D., both offenses pre-dated his entry into the G.E.D. program. The available record indicates that Wilson pled guilty to the second infraction on December 12, 2001, and began attending G.E.D. classes on December 19, 2001. Additionally, Wilson was already deprived of ninety days of credit time for each offense, apart from the separate denial of education credit time. In effect, the Department of Correction "double-dipped" by also prohibiting Wilson from earning credit for obtaining a G.E.D. In my view, it is sound public policy to encourage education among Indiana's inmate population. The result in this case, which is absolutely legally correct, does not further this worthy goal.