# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**DEIDRE R. ELTZROTH**
Assistant Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Oct 31 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERTSON FOWLER, )
            )
      Appellant-Petitioner, )
            )
        vs. )     No. 49A05-1202-PC-68
            )
STATE OF INDIANA, )
            )
      Appellee-Respondent. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
The Honorable Jeffrey L. Marchal, Master Commissioner
Cause No. 49G06-0609-PC-181103

**August 31, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Robertson Fowler appeals the denial of his petition for post-conviction relief. We affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Fowler with Class B felony unlawful possession of a firearm by a serious violent felon,[1] Class D felony pointing a firearm,[2] Class D felony resisting law enforcement,[3] and being an habitual offender.[4] He agreed to plead guilty to the unlawful possession of a firearm charge and the habitual offender enhancement. In exchange the other charges would be dismissed and Fowler's executed sentence would be capped at thirty-five years.

When Fowler entered into his plea agreement, Indiana law permitted the State to use the same prior felony to support a charge of unlawful possession of a firearm by a serious violent felon and to support an habitual offender enhancement. *See Townsend v. State*, 793 N.E.2d 1092, 1097 (Ind. Ct. App. 2003), *trans. denied*.

Fowler was sentenced to thirty years executed – fifteen years for the firearm charge and fifteen for the habitual offender enhancement. He appealed the sentence. In June of 2007, after the State filed its Appellee's brief, but while Fowler still could have filed a reply brief, our Indiana Supreme Court decided *Mills v. State*, which held "a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her

---

[1] Ind. Code § 35-47-4-5.
[2] Ind. Code § 35-47-4-3.
[3] Ind. Code § 35-44.1-3-1.
[4] Ind. Code § 35-50-2-8.

sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a 'serious violent felon'" 868 N.E.2d 446, 450 (Ind. 2007) (internal citation and quotation omitted). Fowler's appellate counsel did not file a reply brief or Notice of Additional Authorities to assert the *Mills* decision might render Fowler's sentence improper. Nor did he raise the issue in his transfer petition. Fowler's sentence was affirmed on appeal, and his motion for post-conviction relief, which was premised on the *Mills* decision, was denied.

## DISCUSSION AND DECISION

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they did not raise at trial or on direct appeal. *Wilson v. State*, 799 N.E.2d 51, 53 (Ind. Ct. App. 2003). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Id*. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. *Id*. When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Id*. Consequently, we may not reverse unless the petitioner demonstrates the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id*. We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to its conclusions of law. *Id.*

1.    Illegal Sentence[5]

Even though Fowler's sentence would presumably have been illegal under the *Mills* rule, Fowler lost his right to pursue a challenge to it by entering into his plea agreement. A defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain the sentence was illegal. *Stites v. State*, 829 N.E.2d 527, 529 (Ind. 2005). Defendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise subject the defendant to double jeopardy. *Id.* As Fowler received a benefit from his plea agreement, he is precluded from challenging his sentence as illegal.

In *Stites*, our Indiana Supreme Court held striking a favorable bargain, including a consecutive sentence the court might otherwise not have the ability to impose, precludes a later challenge. *Id.* Stites received a significant benefit from her plea agreement in that she received less than the maximum possible sentence of sixty years, and the State agreed not to seek the death penalty. Similarly, in *Mills*, our Indiana Supreme Court noted "[a]mong the favorable outcomes Mills achieved were resolution of other charges pending against him and a sentence on those charges concurrent with that on the charges discussed in this opinion. Mills relinquished the right to challenge his sentence as an impermissible double enhancement when he pled guilty." 868 N.E.2d at 453.

---

[5] Fowler also argues his plea was not knowing and voluntary: "the parties in the instant case accepted the rule of *Townsend* . . . and "[h]ad Fowler been accurately advised [about *Mills*], he would have been advised that he could not be both convicted as a serious violent felon and receive enhancement of that sentence under the general habitual offender statute." (Br. of Petitioner-Appellant at 10.) *Townsend* was the controlling precedent when Fowler agreed to plead guilty, and he could not have been "accurately advised," *id.*, about *Mills* because it had not yet been decided. We therefore cannot find his plea unknowing or involuntary.

4

Fowler received a benefit from his plea. The State charged Fowler with Class B felony unlawful possession of a firearm by a serious violent felon, Class D felony pointing a firearm, Class D felony resisting law enforcement, and being an habitual offender. Those charges could have exposed him to a sentence as long as fifty-six years.[6] He negotiated a plea agreement whereby he agreed to plead guilty to possession of a firearm by a serious violent felon and to being an habitual offender. In exchange, the State agreed to dismiss the two Class D felonies and the parties agreed to a thirty-five year sentencing cap. The trial court sentenced Fowler to fifteen years on the firearm charge, which was enhanced by fifteen years on the habitual offender count that, pursuant to *Mills*, should not have been imposed.

We acknowledge Fowler's argument that the original charges, without the habitual offender enhancement that would later be declared improper in *Mills*, could have exposed Fowler to a maximum sentence of only twenty-six years. Instead, he agreed to a sentencing cap of thirty-five years and was ultimately sentenced to thirty. Fowler argues he therefore could not have benefitted from that plea agreement.

We must decline Fowler's invitation to measure his "benefit" at a time after he entered into the plea agreement. When he and the State entered into the agreement, Fowler faced as many as fifty-six years and he bargained for a maximum of thirty-five. As plea agreements

---

[6] "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years." Ind. Code § 35-50-2-7. "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5. The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty years. Ind. Code § 35-50-2-8.

are contracts, principles of contract law can provide guidance in the consideration of the agreement. *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). Where a defendant enters a plea of guilty knowingly, intelligently, and voluntarily, there is no compelling reason to set aside the conviction on the ground the sentence was later determined to be invalid. *Id*. at 39.

Generally, unless a contract provides otherwise, all applicable law in force when the agreement is made impliedly forms a part of the agreement without any statement to that effect. *Ethyl Corp. v. Forcum-Lannom Associates, Inc.*, 433 N.E.2d 1214, 1220 (Ind. Ct. App. 1982). Laws enacted after the execution of the agreement are not deemed part of the agreement unless the contractual language clearly indicates that was the intention of the parties; the parties are presumed to have had the law in mind. *Id*.

As Fowler received a benefit at the time he entered into his plea bargain, he may not now challenge the sentence as illegal.

2.    Effectiveness of Appellate Counsel

In light of our resolution of the first issue, Fowler was not prejudiced by appellate counsel's failure to raise *Mills* on direct appeal, and thus counsel's assistance was not constitutionally ineffective. *See, e.g.*, *Bieghler v. State*, 690 N.E.2d 188, 200 (Ind. 1997) (Bieghler was not prejudiced by appellate counsel's failure to present certain issues, thus appellate counsel was not ineffective), *reh'g denied, cert. denied*. However, we must address the State's suggestion that ineffective assistance cannot be found if appellate counsel does not testify in a post-conviction proceeding.

The State correctly notes that deciding what issues to raise is one of the most important strategic decisions to be made by appellate counsel, *Taylor v. State*, 717 N.E.2d 90, 94 (Ind. 1999), and that we give considerable deference to appellate counsel's strategic decisions. *Id*. We therefore will not find deficient performance in counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available when the decision was made. *Id*.

The State then speculates, with no explanation or citation to the record, that Fowler's appellate counsel might have had strategic reasons for declining to raise the *Mills* decision on appeal. It suggests Fowler "might have directed [counsel] not to pursue the issue," (Br. of Appellee at 12), even though it might have reduced Fowler's sentence by fifteen years, or that Fowler might have had another felony[7] that would have supported the habitual offender charge.

While we have no doubt it is more difficult to prove entitlement to post-conviction relief without the testimony of counsel, we cannot adopt the State's apparent position that post-conviction relief is *never* available when appellate counsel does not testify in the post-conviction proceedings because "[i]t is possible [counsel] had reasons for not pursuing a claim." (*Id*.) As it is presumably always "possible" there are unknown or undisclosed "reasons for not pursuing a claim," adopting the State's rationale would effectively preclude

---

[7] The State directs us to nothing in the record to suggest there was any such additional felony. If there is support in the record for the State's argument, the State is obliged to present it. *See* Ind. Appellate Rules 46(A)(8)(a) and 46(B) (each contention in an appellate brief must be supported by supported by cogent reasoning and citations to the parts of the Record on Appeal relied on). If no support can be found in the record, we admonish the State to refrain from speculation it knows, or should know, cannot be supported.

a post-conviction remedy in any case where counsel did not testify. We decline the State's invitation to so hold. *And see McElroy v. State*, 864 N.E.2d 392, 396 (Ind. Ct. App. 2007) (proposition that a petitioner's failure to present evidence from counsel can support an inference that counsel would not have corroborated the petitioner's allegations "is applicable when the petitioner's allegations involve questions of fact or issues involving credibility"), *trans. denied*. Effectiveness of counsel is a mixed question of law and fact. *Id.*

As Fowler lost his right to challenge his illegal sentence by entering into a beneficial plea agreement, we affirm the denial of his petition for post-conviction relief.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.