# FOR PUBLICATION



**FILED**

Jan 25 2013, 9:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**DEIDRE R. ELTZROTH**
Assistant Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERTSON FOWLER,                )
                                 )
    Appellant-Petitioner,        )
                                 )
        vs.                  )    No. 49A05-1202-PC-68
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Respondent.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
The Honorable Jeffrey L. Marchal, Judge Pro Tempore
Cause No. 49G06-0609-PC-181103

**January 25, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**MAY, Judge**

Robertson Fowler petitions for rehearing of our decision dated August 31, 2012, affirming the denial of his petition for post-conviction relief.[1]  In that opinion, we held Fowler's guilty plea precluded him from later challenging his sentence.  We grant his petition for rehearing in order to acknowledge and address a subsequent decision by another panel of this court that reached a different result in resolving a similar allegation of error, and we reaffirm our original opinion.

Fowler agreed to plead guilty to unlawful possession of a firearm by a serious violent felon and an habitual offender enhancement.  The habitual offender enhancement was based on the same prior felony as the handgun possession count.  When Fowler entered into his plea agreement, Indiana law permitted the State to use the same prior felony to support a charge of unlawful possession of a firearm by a serious violent felon and an habitual offender enhancement.  In exchange for Fowler's guilty plea, two other felony charges were dismissed and his executed sentence was capped at thirty-five years.

Fowler appealed the sentence.  After the State filed its Appellee's brief, and while Fowler still could have filed a reply brief, our Indiana Supreme Court decided *Mills v. State,* 868 N.E.2d 446, 450 (Ind. 2007), which held a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a serious violent felon.

---

[1]  *Fowler v. State*, 977 N.E.2d 464 (Ind. Ct. App. 2012).

Fowler's sentence was affirmed on appeal, and his petition for post-conviction relief, which was premised on the *Mills* decision, was denied. We affirmed on the ground Fowler received a benefit when he entered into his plea bargain, so he could not now challenge the sentence as illegal. *Fowler v. State*, 977 N.E.2d 464, 468 (Ind. Ct. App. 2012).

In his petition for rehearing, Fowler directs us to *Dugan v. State*, 976 N.E.2d 1248, 1249 (Ind. Ct. App. 2012), where another panel of this court held, soon after *Fowler* was decided, that Dugan was entitled to retroactive application of the *Mills* rule. That panel so held even though Dugan, like Fowler, pled guilty.

Our *Fowler* decision is not inconsistent with *Dugan*. Dugan, like Fowler, pled guilty to being an habitual offender, but unlike Fowler, Dugan did not receive a favorable outcome from his guilty plea. "The only benefit that Dugan received was a guaranteed minimum sentence on the habitual offender enhancement, which was the illegal sentence at issue. *This is not a case where other charges were dropped or reduced as a result of the guilty plea*. As a result, we conclude . . . Dugan's guilty plea does not preclude relief in this case." *Dugan*, 976 N.E.2d at 1251-52 (emphasis added.)

*Fowler*, by contrast, *was* "a case where other charges were dropped or reduced as a result of the guilty plea." We accordingly grant Fowler's petition for rehearing and reaffirm our original decision in all respects.

NAJAM, J., and KIRSCH, J., concur.

3