**Kriss TUMBLESON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A05–9804–CR–226.

Court of Appeals of Indiana.

Feb. 23, 1999.

John M. Eisele, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

ROBB, Judge

Kriss Tumbleson entered a plea of guilty to Carrying a Handgun without a License as a Class C felony [1] and Pointing a Firearm, a Class A misdemeanor.[2] The trial court sentenced him to eight years incarceration, two years to be served at the Indiana Department of Corrections, two years at the Madison County Work Release Facility and four years suspended. Tumbleson appeals his sentence. We reverse and remand.

*Issues*

Tumbleson raises the following restated issues for our review:

1. Whether the trial court erred in denying him credit time for seventy-six days he was confined awaiting sentencing; and

2. Whether the trial court erred in denying him credit time for successfully completing his general educational development (GED) diploma while confined.

---

1. Ind.Code §§ 35–47–2–1, 35–47–2–23(c)(1)(A).

2. Ind.Code § 35–47–4–3.

*Facts and Procedural History*

On September 24, 1997, seventeen year old Tumbleson was arrested at Lapel High School for carrying a handgun to school and pointing it at another student. He was released on bond five days later. While out on bond, Tumbleson violated his curfew and ran away from home. The State thereafter moved to revoke his bond, and after a hearing, the trial court ordered Tumbleson held in custody pending trial. While in custody, Tumbleson obtained his GED.

Tumbleson entered a plea of guilty to carrying a handgun without a license on school property and pointing a firearm. The trial court accepted the plea, entered judgment of conviction, and sentenced him to eight years. The trial court's sentencing order, in pertinent part, states as follows:

> The Court having entered Judgment of Conviction against the defendant following the defendant's plea of guilty to Counts I, Carrying a Handgun Without a License, Class C Felony; and II, Pointing a Firearm, Class A Misdemeanor, considers the pre-sentence investigation report, the arguments and evidence of counsel, and now finds the following aggravating circumstances to exist: Defendant's prior legal history; defendant was on probation at the time this crime was committed; and defendant's admitted use of alcohol and drugs. The Court finds the defendant's remorse as a mitigating circumstance. The Court finds the aggravating circumstances outweigh the mitigating circumstance and enhances the sentences herein. The Court now sentences the defendant as follows: On Count I, to the custody of the Indiana Department of Correction for a period of 8 years, 4 years of which shall be executed as follows: 2 years at the Indiana Department of Correction and 2 years at the Madison County Work Release Facility, and 4 years to be suspended; and on Count II, to the custody of the Indiana Department of Correction for a period of 1 year, all of which is to be executed and said count to run concurrently to Count I. The Court specifically does not give good time credit to defendant for the 76 actual days jail time credit.

. . .

> In determining this sentence, the Court has already taken into consideration and given defendant credit for obtaining his GED, therefore no additional relief shall be granted to him for same.

R. 64–65. Tumbleson now appeals.

*Discussion and Decision*

■ Tumbleson contends that the trial court erred in denying him credit time for the 76 days he was confined awaiting sentencing. The State concedes that the trial court erred in denying Tumbleson credit time for his seventy-six days of pre-sentencing incarceration. Brief of Appellee at 3. We agree.

A person imprisoned awaiting trial or sentencing is initially assigned to Class I earning one day of credit time for each day he is imprisoned. Ind.Code §§ 35–50–6–4(a), 35–50–6–3(a). A person may be reassigned to a class earning less credit time "if he violates a rule of the department of correction or, if he is not under the custody of the department, a rule of the penal facility in which he is imprisoned." Ind.Code § 35–50–6–4(b). Further, a person may not be reassigned to a lower credit time class unless he is "granted a hearing to determine his guilt or innocence and, if found guilty, whether reassignment is an appropriate disciplinary action for the violation." Ind.Code § 35–50–6–4(b).

The trial court, in its sentencing statement, stated that Tumbleson "gets credit for seventy-six (76) actual days. Ah, the Court's not going to give him good time credit because he, ah, naturally violated the conditions of his release." R. 141. Tumbleson was therefore denied credit time for violating the terms of his release on bond, and not for any conduct while incarcerated. Moreover, he was not provided with a hearing regarding the appropriateness of reassigning him to a lower credit time class. By statute, Tumbleson was entitled to one day credit time for each actual day served barring proof at a hearing of a violation of the rules of the facility in which he was incarcerated. The trial court erred in failing to grant him seventy-six days of credit time toward his total sentence.

■ Tumbleson also contends that the trial court erred in refusing to grant him credit time for obtaining his GED while incarcerated. The State responds that the trial court properly refused to grant the educational credit because Tumbleson has not demonstrated a pattern consistent with rehabilitation as required by statute. Indiana Code section 35–50–6–3.3 provides:

(a) In addition to any credit time a person earns under section 3 of this chapter ..., a person earns credit time if the person:

(1) is in credit Class I;

(2) has demonstrated a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain one (1) of the following:

(A) A general educational development (GED) diploma....

...

(b) The amount of credit time a person may earn under this section is the following:

(1) Six (6) months for completion of a state of Indiana general educational development (GED) diploma....

Ind.Code § 35–50–6–3.3(a), (b).

■ The trial court's sentencing order states that "[i]n determining this sentence, the Court has already taken into consideration and given defendant credit time for obtaining his GED, therefore, no additional relief shall be granted to him for same." R. 65. We acknowledge that there is a subjective component involved in the granting of educational credit, i.e. a pattern of behavior consistent with rehabilitation, and merely completing the requirements for a degree is does not automatically entitle a defendant to the credit. There is no evidence in the record before us that Tumbleson has *not* demonstrated a pattern of behavior consistent with rehabilitation while incarcerated, and the trial court did not so find. It appears in fact that the trial court believed Tumbleson to be entitled to the educational credit.

However, the trial court sentenced Tumbleson to eight years for Carrying a Handgun and to one year for Pointing a Firearm, which are the maximum sentences allowed by statute for a C felony and an A misdemeanor. Ind.Code §§ 35–50–2–6(a), 35–50–3–2. We fail to see how the trial court granted any credit to Tumbleson for obtaining his GED in imposing the maximum sentences.[3] Therefore, the trial court erred in failing to grant Tumbleson the six months credit to which he was entitled for earning his GED while incarcerated.

*Conclusion*

The trial court erred in denying Tumbleson credit time for the seventy-six days he was incarcerated awaiting sentencing, and also in denying him educational credit for obtaining his GED while incarcerated. We therefore reverse the trial court's sentencing order and remand to the trial court with instructions to give Tumbleson seventy-six days credit time for his pre-sentencing incarceration and six months educational credit.

Reversed and remanded.

BAKER, J., and GARRARD, J., concur.

---

**3.** The trial court did say, at the sentencing hearing, that "I considered [the GED] as part of my sentencing. Instead of giving him four (4) years executed with no work release, I gave him, ah, two (2) years executed and two (2) years work release." R. 143. However, credit time affects the length of the sentence, and not the institution in which the sentence is served.