Joshua WILSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–0209–PC–368.

Court of Appeals of Indiana.

April 3, 2003.

Joshua Wilson, Carlisle, IN, Pro Se Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Joshua Wilson appeals the trial court's denial of his request for six months credit time for earning his GED diploma while incarcerated. Although the evidence before the trial court at the time that it denied Wilson's request shows that he met the three statutory requirements, the court denied the request before the State had an opportunity to file an answer. We therefore remand this case to the trial court with instructions to give the State additional time to respond.

### Facts and Procedural History

On May 21, 1997, Wilson pled guilty to burglary as a Class B felony and theft as a Class D felony. The trial court sentenced him to an aggregate term of twelve years and ordered that term to be served consecutive to a sentence in another case. While incarcerated, Wilson earned his general educational development (GED) diploma in June 2002. On July 22, 2002, Wilson filed a Motion for Education Credit Time seeking six months credit toward his sentence. One week later, the trial court simply denied the motion without a response from the State, hearing, or order explaining its reasons. This appeal ensued.

### Discussion and Decision

■■■ Wilson contends that the trial court erred in refusing to grant him credit time for earning his GED diploma while incarcerated. Although Wilson styled this as a Motion for Education Credit Time, we observe that such a motion should be treated as a petition for post-conviction relief. *See Diaz v. State,* 753 N.E.2d 724, 727 (Ind.Ct.App.2001), *trans. denied; Moshenek v. Anderson,* 718 N.E.2d 811, 812 (Ind.Ct.App.1999). Post-conviction procedures do not afford the convicted an opportunity for a "super-appeal." *Wrinkles v. State,* 749 N.E.2d 1179, 1187 (Ind. 2001), *cert. denied,* 535 U.S. 1019, 122 S.Ct. 1610, 152 L.Ed.2d 624 (2002). Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules. *Id.* Petitioners must establish their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A petitioner who has been denied post-conviction relief appeals from a negative judgment. *Wrinkles,* 749 N.E.2d at 1187. Therefore, the petitioner must convince the court on review that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.* at 1187–88. "In other words, the defendant must convince this Court that there is no way within the law that the court below could have reached the decision it did." *Stevens v. State,* 770 N.E.2d 739, 745 (Ind.2002).

■■■ Wilson argues that he is entitled to education credit time under Indiana Code § 35–50–6–3.3. Pursuant to that section:

(a) [A] person earns credit time if the person:

    (1) is in credit Class I;

    (2) has demonstrated a pattern consistent with rehabilitation; and

    (3) successfully completes requirements to obtain one (1) of the following:

(A) A general educational development (GED) diploma under IC 20–10.1–12.1, if the person has not previously obtained a high school diploma.

. . .

(d) The amount of credit time a person may earn under this section is the following:

(1) Six (6) months for completion of a state of Indiana general educational development (GED) diploma under IC 20–10.1–12.1.

Ind.Code § 35–50–6–3.3(a), (d). In support of his request for six months of education credit time, Wilson alleged the following in his petition:

1.) The petitioner completed his GED on June 10, 2002, while incarcerated at the Wabash Valley Correctional Facility, and did not receive any credit.

2.) The petitioner was in credit class one (1) at the time he completed the GED and he, still is in credit class one (1).

3.) The petitioner has completed stress management classes on June 26, 2002.

Appellant's App. p. 6. On appeal, the State argues that the trial court properly refused to grant Wilson education credit time because he has not demonstrated a "pattern consistent with rehabilitation" as required by statute.[1] In *Tumbleson v. State,* 706 N.E.2d 217 (Ind.Ct.App.1999), the State made the same argument. In addressing this argument, this Court stated:

> We acknowledge that there is a subjective component involved in the granting of educational credit, i.e. a pattern of behavior consistent with rehabilitation, and merely completing the requirements for a degree ... does not automatically entitle a defendant to the credit. There is no evidence in the record before us that Tumbleson has not demonstrated a pattern of behavior consistent with rehabilitation while incarcerated, and the trial court did not so find.

*Id.* at 219. Based on that and the fact that the trial court itself apparently believed that Tumbleson was entitled to the credit, the court of appeals concluded that the trial court erred in failing to grant Tumbleson six months credit for earning his GED diploma while incarcerated. *Id.*

Two years later, this Court decided *Diaz,* in which it distinguished *Tumbleson.* In *Diaz,* the defendant filed a petition for post-conviction relief seeking credit time for earning his GED diploma and attending a substance abuse class while incarcerated. The post-conviction court summarily denied the defendant's petition without a hearing, and the defendant appealed. On appeal, the issue was whether the defendant had demonstrated a "pattern consistent with rehabilitation." In addressing this issue, this Court held that "demonstrating a 'pattern consistent with rehabili-

---

1. The State also argues that the trial court properly refused to grant Wilson education credit time because he failed to establish that he had not already reached the maximum amount of credit time available. Indiana Code § 35–50–6–3.3(i) provides that the maximum amount of time a person may earn is the lesser of: "(1) four (4) years; or (2) one-third (1/3) of the person's total applicable credit time." However, Indiana Code § 35–50–6–3.3(a) provides that only three requirements must be established in order to earn credit time: (1) the person is in credit Class I; (2) has demonstrated a pattern consistent with rehabilitation; and (3) successfully completes a GED diploma. After comparing the subsections, we conclude that subsection (i) is a limit to credit time, not a requirement to be established in order to receive credit time; therefore, the State's argument must fail.

tation' pursuant to Ind.Code § 35–50–6–3.3 means, at the least, that the inmate's record must remain free of disciplinary convictions while the inmate is participating in an educational or substance abuse program." 753 N.E.2d at 729. Because the evidence before the post-conviction court showed that the defendant had been convicted of attempted battery while he was pursuing his GED diploma and attending the substance abuse program, the court concluded that the defendant had failed to show a "pattern consistent with rehabilitation." *Id.* at 729–30. The court distinguished this case from *Tumbleson* in part because there was evidence that the defendant had not demonstrated a pattern of behavior consistent with rehabilitation by virtue of his conviction. *Id.* at 729 n. 7.

The present case, however, is more like *Tumbleson.* In support of the statutory requirement of demonstrating a "pattern consistent with rehabilitation," Wilson alleged in his petition that he completed stress management classes. There was no indication that Wilson had not demonstrated a pattern of behavior consistent with rehabilitation. Still, the State did not have an opportunity to dispute that allegation. Because Wilson's Motion for Education Credit Time is actually a petition for post-conviction relief, the State was entitled to thirty days to respond. Specifically, Indiana Post–Conviction Rule 1(4)(a) provides, "Within thirty (30) days after the filing of the petition, or within any further reasonable time the court may fix, the state, ... by the prosecuting attorney in non-capital cases, shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted." Here, the evidence shows that Wilson filed his petition seeking education credit time on July 22, 2002, and the trial court denied it seven days later. During that time period, the State did not file an answer. We therefore remand this case to the trial court with instructions to give the State a reasonable time to file an answer. To the extent that the State does not allege specific reasons that Wilson has not demonstrated a pattern of behavior consistent with rehabilitation, we order the trial court to give Wilson six months credit for earning his GED diploma while incarcerated.

Reversed and remanded with instructions.

DARDEN, J., and NAJAM, J., concur.