

IN THE

# Court of Appeals of Indiana

Steven C. Clear,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Apr 18 2024, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

April 18, 2024

Court of Appeals Case No.
24A-CR-170

Appeal from the Shelby Superior Court

The Honorable David N. Riggins, Judge

Trial Court Cause No.
73D02-1603-F6-114

---

**Opinion by Judge Bradford**
Chief Judge Altice and Judge Felix concur.

**Bradford, Judge.**

# Case Summary

In 2018, Steven Clear was convicted of Level 5 felony operating a vehicle while intoxicated ("OWI") and sentenced to an eleven-year term of incarceration. On January 16, 2024, Clear filed a verified petition for additional credit time, which the trial court denied the next day. We affirm.

# Facts and Procedural History

On May 30, 2018, after having been convicted of Level 5 felony OWI, Clear was sentenced to an eleven-year term of incarceration. On January 16, 2024, Clear petitioned for additional credit time. In his petition, Clear asserted that he had successfully completed "the Last Mile vocational education program" and was therefore entitled to additional educational credit time pursuant to Indiana Code section 35-50-6-3.3(b).[1] Appellant's App. Vol. II p. 3. The trial court denied Clear's petition on January 17, 2024.

# Discussion and Decision

---

[1] Indiana Code section 35-50-6-3.3(b) provides that a person may earn educational credit if they meet the following three criteria: (1) is in credit Class I, Class A, or Class B; (2) demonstrates a pattern consistent with rehabilitation; and (3) successfully completes a qualifying technical- or vocational-education program, substance-abuse program, literacy and basic life-skills program, reformative program, or individualized case-management plan.

[3] Although Clear styled his request below as a verified petition for additional credit time, we have previously concluded that such a request "should be treated as a petition for post-conviction relief." *Wilson v. State*, 785 N.E.2d 1152, 1153 (Ind. Ct. App. 2003).

> Post-conviction procedures do not afford the convicted an opportunity for a super-appeal. Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules. Petitioners must establish their grounds for relief by a preponderance of the evidence. A petitioner who has been denied post-conviction relief appeals from a negative judgment. Therefore, the petitioner must convince the court on review that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. In other words, the defendant must convince this Court that there is no way within the law that the court below could have reached the decision it did.

*Id.* (internal citations and quotations omitted).

[4] Clear argues that remand is necessary because the trial court denied the State the opportunity to respond to his petition when it denied his petition the day after he had filed it. In support, Clear points to Section 4 of Indiana Post-Conviction Rule 1, which provides that "[w]ithin thirty (30) days after the filing of the petition, … the [S]tate … shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted." Clear also cites to our decision in *Wilson*, in which we considered similar facts before concluding that the trial court had abused its discretion by denying Wilson's petition seven days after it had been filed and "remand[ed] the case to the trial court with

instructions to give the State a reasonable time to file an answer." 785 N.E.2d at 1155. We do not find *Wilson* to be dispositive in this case, however, because Clear's petition does not establish that he had exhausted all administrative remedies before filing his petition in the trial court.

[5] When a request for educational credit time is denied, "a person must exhaust his administrative remedies within the [Department of Correction ("DOC")] before appealing to a court because determinations altering credit time are the responsibility of the DOC." *Stevens v. State*, 895 N.E.2d 418, 419 (Ind. Ct. App. 2008); *see also Members v. State*, 851 N.E.2d 979, 982–83 (Ind. Ct. App. 2006). In *Members*, we concluded that

> because Members is challenging the DOC's denial of his educational credit time, his grievance is with the DOC. He must, therefore, exhaust all of his administrative remedies with the DOC before resorting to the judicial system. Inasmuch as Members has failed to exhaust his available remedies within the DOC, the post-conviction court lacked subject matter jurisdiction[2] to entertain his education credit time complaint[.]

851 N.E.2d at 983.

---

[2] In the years since *Members* was handed down, Indiana courts have re-classified a failure to exhaust administrative remedies as a procedural default rather than a jurisdictional event. *See First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757, 760 (Ind. 2014), *amended on reh'g*, 27 N.E.3d 768 (Ind. 2015) ("We summarily affirm that portion of the Court of Appeals opinion holding that the exhaustion of administrative remedies under AOPA is a procedural error and does not implicate the trial court's subject matter jurisdiction."). However, regardless of how the failure to exhaust administrative remedies is classified as the result is the same. One must exhaust all administrative remedies before filing suit.

Similar to the situation in *Members*, the record in this case does not establish that Clear has exhausted his administrative remedies. At most, the record demonstrates that as of February 16, 2024, Clear's request for additional educational credit time was pending in the DOC's administrative process. As the matter remained pending in the DOC's administrative process and no final decision as to whether Clear was entitled to additional educational credit had been made by the DOC when Clear filed his petition, Clear had not exhausted his administrative remedies as of that date. Clear has failed to convince us that the trial court erred in denying his petition as the evidence does not lead unerringly and unmistakably to a decision opposite that reached by the trial court. *See Wilson*, 785 N.E.2d at 1153.

The judgment of the trial court is affirmed.

Altice, C.J., and Felix, J., concur.

APPELLANT *PRO SE*

Steven C. Clear
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana