



FILED

Nov 21 2024, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

James L. Harness, IV,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

November 21, 2024

Court of Appeals Case No.
24A-CR-454

Appeal from the Switzerland Circuit Court

The Honorable W. Gregory Coy, Judge

Trial Court Cause No.
78C01-2301-F5-4

---

**Opinion by Judge Tavitas**
Judges May and Foley concur.

**Tavitas, Judge.**

## Case Summary

In sentencing James Harness for possession of methamphetamine, a Level 5 felony, the trial court determined that, although Harness had served 245 days on pretrial home detention, Harness had earned only forty-five days of accrued time and fifteen days of good time credit for his pretrial home detention because Harness was in arrears on his home detention fees.

Harness appeals and argues that the trial court erred by improperly depriving him of pretrial credit time. We agree that the trial court improperly deprived Harness of pretrial credit time. We further conclude that the State has waived the opportunity to pursue deprivation of Harness' pretrial credit time because the State never gave Harness written notice that he violated the conditions of his home detention by failing to pay fees. Accordingly, we reverse and remand with instructions that the trial court award Harness 245 days of accrued time and eighty-two days of good time credit for a total of 327 days.

## Issue

Harness raises one issue on appeal, which we restate as whether the trial court erred by improperly depriving Harness of pretrial credit time.

## Facts

On January 12, 2023, the State charged Harness with Count I, possession of methamphetamine, a Level 5 felony; and Count II, possession of

methamphetamine, a Level 6 felony. On May 16, 2023, Harness was granted pretrial release with home detention. On July 1, 2023, while Harness was on pretrial home detention, substantial amendments to our credit time statutes took effect. *See* 2023 Ind. Legis. Serv. Pub. L. 37-2023.

[5] On September 1, 2023, the State alleged that Harness violated the conditions of his pretrial home detention by committing a new criminal offense, and on September 5, 2023, Harness was arrested. Following a hearing on the violation, Harness was again placed on pretrial home detention on September 13, 2023.

[6] On December 11, 2023, Harness pleaded guilty to Count I, possession of methamphetamine, a Level 5 felony. The State filed a pre-sentence investigation report, in which Dearborn County Community Corrections stated its opinion that Harness would not be a good candidate for a home detention sentence based, in part, on the fact that Harness was $2,410 in arrears regarding his pretrial home detention fees. The State, however, never filed any "formal" allegation that Harness violated the conditions of his pretrial home detention based on his failure to pay fees. Tr. Vol. II p. 5.

[7] The trial court held a sentencing hearing on January 24, 2024, and sentenced Harness to six years in the Department of Correction with three years suspended to probation. Regarding credit time for Harness' pretrial home detention, the trial court noted that Harness had served 245 days on pretrial home detention, but based on the pre-sentence investigation report, Harness was over "2,400 (twenty four hundred) dollars behind" on his home detention

fees. Tr. Vol. II p. 23. The trial court determined that, at a rate of twelve dollars per day in home detention fees, Harness was "200 (two hundred) days in arrears . . . ." *Id*. The trial court, thus, determined that Harness had only earned credit for "forty-five (45) actual days of [] home detention." Appellant's App. Vol. II p. 118. The abstract of judgment reflects that the trial court awarded Harness forty-five days of credit for accrued time and fifteen days of good time credit for his pretrial home detention.[1]

[8] On February 5, 2024, Harness filed a motion for earned credit time, in which he alleged that the trial court erred by not awarding credit for "all [Harness'] home detention time."[2] *Id*. at 122. The trial court did not rule on the motion. Harness now appeals.

## Discussion and Decision

[9] Harness argues that the trial court erred by improperly depriving him of credit time that he earned from his pretrial home detention. Harness contends that his credit time determination is governed by the amended statutes in effect at the time he was sentenced, rather than those in effect at the time he committed the

---

[1] The trial court also awarded Harness sixty-nine days of accrued time and twenty-three days of good time credit for the time Harness served in jail before sentencing. Harness does not appeal this credit time determination.

[2] The motion is handwritten and appears to have been filed by Harness pro se, despite the fact that Harness was represented by counsel at the time.

offense, and the State agrees that the amended statutes govern. We, accordingly, apply the amended statutes here.[3]

## I. Standard of Review

[10] "When calculating the pre-trial credit to which a defendant is entitled, that number is dependent upon (1) pre-trial confinement; and (2) the pretrial confinement resulting from the criminal charge for which the sentence is being imposed." *Keene v. State*, 202 N.E.3d 481, 483 (Ind. Ct. App. 2023) (citing *Bischoff v. State*, 704 N.E.2d 129 (Ind. Ct. App. 1998), *trans. denied*). "Trial courts have no discretion in awarding or denying that credit." *Id.* (citing *Glover v. State*, 177 N.E.3d 884, 886 (Ind. Ct. App. 2021), *trans. denied*).

[11] This case involves interpretation of our credit time statutes. In interpreting statutes, we begin with the statutory language itself, reading words in their plain and ordinary meaning. *Spells v. State*, 225 N.E.3d 767, 772 (Ind. 2024). When multiple statutes involving the same issues are at play, the statutes "must be read together to harmonize and give effect to each." *Gliva v. State*, 178 N.E.3d 321, 323 (Ind. Ct. App. 2021) (quoting *Merritt v. State*, 829 N.E.2d 472, 475 (Ind. 2005)).

---

[3] We recognize that, in general, the proper sentence for a criminal offense is based on the statutes in effect when the offense is committed. *Russell v. State*, 234 N.E.3d 829, 853 (Ind. 2024) ("A sentencing court must follow the sentencing scheme in place when the offense occurred."). In light of the State's concession that the new statutes apply, however, we do not decide whether the old statutes are applicable.

## II. Harness could earn up to 245 days of accrued time and eighty-two days of good time credit under the statutes in effect at the time he was sentenced.

[12]     On July 1, 2023, substantial amendments to our credit time statutes took effect. *See* 2023 Ind. Legis. Serv. Pub. L. 37-2023. The amended statutes avail accrued time and good time credit to individuals placed on pretrial home detention. "Accrued time" is defined as:

> the amount of time that a person is imprisoned, confined, on home detention as a condition of probation, or on home detention in a community corrections program. In determining the number of days a person has been imprisoned, confined, on home detention as a condition of probation, or on home detention in a community corrections program, a partial calendar day is considered to be one (1) calendar day.

Ind. Code § 35-50-6-0.5(1).

[13]     Although this definition does not expressly mention pretrial home detention, other sections of the Indiana Code indicate that the definition includes pretrial home detention. Indiana Code Section 35-50-6-5(d) provides:

> This subsection applies only to a person on pretrial home detention. **If a person on pretrial home detention violates a condition of home detention, fails to appear as required, or commits escape (IC 35-44.1-3-4), the person shall be deprived of all accrued time earned while on pretrial home detention. . . .**

(Emphasis added). By providing that a person on pretrial home detention can "be deprived of all accrued time earned while on pretrial home detention," the

statute necessarily implies that a person on pretrial home detention is eligible for accrued time under the amended statutes.

[14] In addition to accrued credit time, the amended statutes allow persons on pretrial home detention to earn good time credit. "Good time credit" is defined as "a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned, confined, or on home detention." Ind. Code § 35-50-6-0.5(5). Indiana Code Section 35-50-6-4 assigns individuals to one of four classes for the purposes of determining good time credit. The parties agree that subsection (b) applies here, and that subsection provides,

> A person:
>
> > (1) who is not a credit restricted felon; and
> >
> > (2) who is imprisoned for a crime other than a Level 6 felony or misdemeanor or imprisoned awaiting trial or sentencing for a crime other than a Level 6 felony or misdemeanor;
>
> is initially assigned to Class B.

Ind. Code § 35-50-6-4(b).

[15]     Harness is not a credit restricted felon[4] and he was imprisoned for a Level 5 felony. Harness, thus, is assigned to Class B. The good time credit available to a person assigned to Class B is as follows:

> A person assigned to Class B earns one (1) day of good time credit for every three (3) calendar days or partial calendar days the person is:
>
>> (1) imprisoned for a crime;
>>
>> (2) confined awaiting trial or sentencing; or
>>
>> **(3) on pretrial home detention.**

Ind. Code § 35-50-6-3.1(c) (emphasis added).

[16]     Because Harness served 245 days on pretrial home detention, under the amended statutes, he was eligible for up to 245 days of accrued time and eighty-two days (rounded up) of good time credit. The trial court, however, awarded Harness only forty-five days of accrued time plus fifteen days of good time credit and deprived Harness of additional credit time due to Harness' unpaid pretrial home detention fees.

### III. The trial court erred in depriving Harness of credit time.

[17]     Although Harness was eligible for up to 245 days of accrued time and eighty-two days of good time credit, the trial court determined that Harness had only

---

[4] *See* Ind. Code § 35-31.5-2-72 (defining "credit restricted felon").

paid forty-five days of home detention fees and, thus, awarded Harness only forty-five days of accrued time and fifteen days of good time credit.

[18] The deprivation of credit time is governed by statute. Indiana Code Section 35-50-6-5 provides, in relevant part:

> (b) Before a person may be deprived of educational credit or good time credit, the person must be granted a hearing to determine the person's guilt or innocence and, if found guilty, whether deprivation of earned educational credit or good time credit is an appropriate disciplinary action for the violation. **In connection with the hearing, the person is entitled to the procedural safeguards listed in [Indiana Code Section 35-50-6-4].** The person may waive the person's right to the hearing.
>
> * * * * *
>
> (d) This subsection applies only to a person on pretrial home detention. If a person on pretrial home detention violates a condition of home detention, fails to appear as required, or commits escape (IC 35-44.1-3-4), the person shall be deprived of all accrued time earned while on pretrial home detention. The person may also be deprived of educational or good time credit in accordance with this section, if applicable. Before a person may be deprived of accrued time, the person must be granted a hearing to determine whether the person committed the specified violation. **In connection with the hearing, the person is entitled to the procedural safeguards listed in [Indiana Code Section 35-50-6-4].** The person may waive the person's right to the hearing.

(Emphasis added).

In connection with a hearing under Indiana Code Section 35-50-6-4, the person is entitled to:

> (1) have not less than twenty-four (24) hours advance written notice of the date, time, and place of the hearing, and of the alleged misconduct and the rule the alleged misconduct is alleged to have violated;

> (2) have reasonable time to prepare for the hearing;

> (3) have an impartial decisionmaker;

> (4) appear and speak in the person's own behalf;

> (5) call witnesses and present evidence;

> (6) confront and cross-examine each witness, unless the hearing authority finds that to do so would subject a witness to a substantial risk of harm;

> (7) have the assistance of a lay advocate (the department may require that the advocate be an employee of, or a fellow prisoner in, the same facility or program);

> (8) have a written statement of the findings of fact, the evidence relied upon, and the reasons for the action taken;

> (9) have immunity if the person's testimony or any evidence derived from the person's testimony is used in any criminal proceedings; and

> (10) have the person's record expunged of any reference to the charge if the person is found not guilty or if a finding of guilt is later overturned.

Indiana Code § 35-50-6-4(f). The statute suggests that the State must first file a formal request for a hearing on the alleged violation to trigger the statute's hearing requirements.

[20] To summarize, our statutes require that, before a person may be deprived of pretrial home detention credit time, the person must, in accordance with Indiana Code Section 35-50-6-4, be given written notice of pretrial home detention violations, and a hearing must be held to determine whether deprivation of credit time is appropriate. Here, the State never gave written notice that Harness violated the conditions of his pretrial home detention by failing to pay fees, and no hearing was held on the matter. The statutory procedures for the deprivation of credit time, thus, were not followed in this case. *See Tumbleson v. State*, 706 N.E.2d 217, 218 (Ind. Ct. App. 1999) (holding that trial court erred in depriving defendant of good time credit, in part, because no hearing was held on the alleged violations).

[21] Because the State and the trial court did not follow the statutory procedures for the deprivation of credit time, the trial court erred in depriving Harness of pretrial credit time. Additionally, because the State never sought a hearing on the grounds that Harness violated the conditions of his home detention by failing to pay fees, the State has waived the opportunity to seek deprivation of Harness' pretrial credit time on this basis. *Cf. Clark v. State*, 958 N.E.2d 488, 495 (Ind. Ct. App. 2011) (holding that trial court erred by failing to dismiss untimely probation violation allegation). Accordingly, we reverse and remand

with instructions that the trial court award Harness 245 days of accrued time and eighty-two days of good time credit for a total of 327 days.

## Conclusion

[22] The trial court erred in determining Harness' credit time, and the State has waived the opportunity to pursue deprivation of Harness' pretrial credit time on the grounds that Harness failed to pay home detention fees. Accordingly, we reverse and remand with instructions that the trial court award Harness 245 days of accrued time and eighty-two days of good time credit for a total of 327 days.

[23] Reversed and remanded.

May, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana